IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Terry Beaver, | ) | Civil Action No.: 2:12-1810-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Terry Beaver ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On July 26, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that the Commissioner's decision was not supported by substantial evidence. Accordingly, the Magistrate Judge recommended that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings to consider *inter alia* "new evidence related to the plaintiff's alleged lower extremity problems," for "reevaluation of what additional exertional limitations should be included in the plaintiff's RFC," and to "revisit whether [the ALJ] has properly accounted for the plaintiff's post-stroke fatigue." (ECF No. 18.) Plaintiff filed no objections to the to the Report and Recommendation. On August 8, 2013, the

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

Commissioner filed "Defendant's Notice of Not Filing Objections to the Report and Recommendation of Magistrate Judge." (ECF No. 20.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner to deny benefits is **reversed** and the action is **remanded** under sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with this order and the Report and Recommendation.

IT IS SO ORDERED.

                                             /s/ Mary G. Lewis
                                           United States District Judge

August 12, 2013
Spartanburg, South Carolina